IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 14-cv-1461-RBJ-CBS

ERIC WEBB,

    Plaintiff,

v.

STERLING CORRECTIONAL OFFICER DELANEY,
STERLING CORRECTIONAL OFFICER WALRAVEN,
STERLING LIEUTENANT HARRIS,
STERLING SEREANT LEONARD, and
STERLING JOHN DOES I AND II,

    Defendants.

## ORDER

This matter is before the Court on defendants' Motion to Dismiss, ECF No. 24. For the reasons discussed in this Order, defendants' motion is granted in part and denied in part.

### I.    FACTS

Plaintiff Eric Webb is a prisoner in the custody of the Colorado Department of Corrections. ECF No. 1 at ¶ 1. He was incarcerated at Sterling Correctional Facility in Sterling, Colorado at all times relevant to this dispute. *Id.* at ¶ 24. On June 18, 2012, Webb jokingly wore his oversized orange pants in a way that resembled a dress. *Id.* at ¶ 25. It caused a disturbance among the other inmates, and as a result, defendant Correctional Officer Delaney ordered Webb to "cuff up." *Id.* Webb turned his back to Delaney and placed his hands behind his back. *Id.*

Delaney allegedly intentionally handcuffed Webb too tightly and twisted his wrists in a manner in which he knew would injure Webb's right arm. *Id.*

The following day Webb was transferred to Sterling Regional Medcenter. *Id.* Medical staff noted that Webb's arm was swollen and bruised with impending compartment syndrome as a result of the handcuffs. ECF No. 37 at Ex. 3. Medical staff performed a fasciotomy of his right hand and forearm. *Id.* Three days later Webb was transferred to Denver Reception and Diagnostic Center for follow-up care. *Id.* at ¶ 27. He remained in Denver until August or September, 2012, when he was returned to Sterling. *Id.* at ¶ 28.

Webb filed grievances Nos. 25630 and 25631 to report the incident with Delaney. ECF No. 37 at 5. Colorado Department of Corrections requires inmates to timely file grievances in three formal steps. ECF No. 55 at Ex. 1 § IV.F. An inmate must file a Step 1 grievance within thirty days of the incident complained about. *Id.* An inmate must file a Step 2 grievance within five days of receiving a response to the Step 1 grievance. *Id.* Finally, an inmate must file a Step 3 grievance within five days of receiving a response to the Step 2 grievance. *Id.* Furthermore, all grievances must be submitted on the "Colorado Department of Corrections Offender Grievance Form." *Id.* at § IV.D.2.9.

Webb contends that he was unable to file the grievances on time because prison officials did not give him the grievance forms until after the deadlines had passed. ECF No. 37 at Ex. 7. Defendants assert that Webb had grievance forms available to him within the applicable deadlines. ECF No. 55 at 4 n.5. The relevant dates for grievances Nos. 25630 and 25631 as noted by Webb in his Response are listed below. ECF No. 37 at Ex. 7.

Grievance No. 25630

- June 18, 2012: Incident with Delaney occurred
- July 10, 2012: Webb submitted Step 1 grievance
- July 13, 2012: Case manager acknowledged receipt of Step 1 grievance
- August 3, 2012: Webb received response to Step 1 grievance (denied on the merits) and requested official forms to file Step 2 grievance
- August 13, 2012: Webb received forms for Step 2 grievance and submitted grievance
- August 16, 2012: Case manager acknowledged receipt of Step 2 grievance
- September 17, 2012: Webb received response to Step 2 grievance (denied on procedural grounds) and requested official forms to file Step 3 grievance
- October 5, 2012: Webb requested official forms to file Step 3 grievance for the second time
- October 23, 2012: Webb received forms to file Step 3 grievance and submitted grievance
- October 26, 2012: Case manager acknowledged receipt of Step 3 grievance
- October 31, 2012: Webb received response to Step 3 grievance (denied on procedural grounds)

Grievance No. 25631

- June 18, 2012: Incident with Delaney occurred
- July 10, 2012: Webb submitted Step 1 grievance
- July 13, 2012: Case manager acknowledged receipt of Step 1 grievance
- August 2, 2012: Webb received response to Step 1 grievance (denied on the merits)
- August 3, 2012: Webb requested official forms to file Step 2 grievance
- August 13, 2012: Webb received forms for Step 2 grievance and submitted grievance
- August 16, 2012: Case manager acknowledged receipt of Step 2 grievance
- September 27, 2012: Webb received response to Step 2 grievance (denied on procedural grounds) and requested official forms to file Step 3 grievance
- October 5, 2012: Webb requested official forms to file Step 3 grievance for the second time
- October 23, 2012: Webb received forms to file Step 3 grievance and submitted grievance
- October 26, 2012: Case manager acknowledged receipt of Step 3 grievance
- October 31, 2012: Webb received response to Step 3 grievance (denied on procedural grounds)

In the midst of filing grievances Nos. 25630 and 25631, Webb was injured again. ECF No. 1 at ¶ 29. Webb claims that on September 18, 2012, in anticipation of being handcuffed, he warned defendants Correctional Officer Walraven and Lieutenant Harris that his right arm was

3

injured. ECF No. 37 at Ex. 7. Despite Webb's warning, Walraven intentionally placed handcuffs on Webb too tightly and twisted his wrists reinjuring his right arm. ECF No. 1 at ¶ 29. Defendants Harris and Leonard observed Walraven place handcuffs on Webb. *Id.* at ¶ 29. They did not prevent Walraven's use of the handcuffs or loosen the handcuffs afterwards. *Id.* The following day Webb was transported to the emergency department of Sterling Memorial Medcenter for treatment for a crush injury to his right forearm from the handcuffs. *Id.* at ¶ 30. He filed grievance No. 32031 regarding the incident with Walraven, Harris, and Leonard. ECF No. 37 at 8. The relevant dates as noted by Webb in his Response are below. *Id.* at Ex. 7.

Grievance No. 32031

- September 18, 2012: Incident with Walraven, Harris, and Leonard occurred
- October 5, 2012: Webb requested official forms to file Step 1 grievance
- October 23, 2012: Webb received forms to file Step 1 grievance and submitted grievance
- October 26, 2012: Case manager acknowledged receipt of Step 1 grievance
- November 22, 2012: Webb received response to Step 1 grievance (denied on procedural grounds)
- November 27, 2012: Webb submitted Step 2 grievance
- December 19, 2012: Webb received response to Step 2 grievance (denied on procedural grounds)
- December 24, 2012: Webb submitted Step 3 grievance
- January 1, 2013: Webb received response to Step 3 grievance (denied on procedural grounds)

Webb also notified his case manager that he feared further encounters with Delaney and Walraven. ECF No. 1 at ¶ 31. As a result, Webb was transferred to the Fremont Correctional Facility. *Id.* Upon arrival, medical staff diagnosed Webb with severe anxiety with respect to restraints due to his injuries at the Sterling Correctional Facility. *Id.* at ¶ 32. Due to additional injuries to his right arm, Webb has since undergone at least six more surgeries. *Id.* at ¶¶ 43, 48.

On May 23, 2014, Webb filed a Complaint pursuant to 42 U.S.C. § 1983 arguing that defendants violated his Eighth Amendment rights.[1] ECF No. 1 at ¶¶ 52–57. Specifically, Webb claims that defendants used excessive force against him, and that Delaney, Harris, and Leonard were deliberately indifferent to his serious medical needs. *Id.* Webb also claims that defendants' actions violated state law. *Id.* at ¶¶ 58–61. His second claim appears to accuse defendants of battery or intentional infliction of emotional distress. *Id.* The named defendants subsequently filed a motion to dismiss based on the following grounds: 1) defendants are entitled to Eleventh Amendment immunity; 2) Webb failed to allege that Harris and Leonard personally participated in the alleged constitutional violations; 3) Webb failed to allege an Eighth Amendment excessive force claim against Harris or Leonard; 4) Webb failed to allege an Eighth Amendment deliberate indifference claim against Delaney, Harris, or Leonard; 5) Harris and Leonard are entitled to qualified immunity; 6) the Court should decline to exercise pendant jurisdiction; and 7) Webb's state law claim is untimely. ECF No. 24. Defendants also assert that the Court should rule as a matter of law that Webb failed to exhaust his administrative remedies. *Id.* Webb does not object to the Court ruling on that issue pursuant to Federal Rule of Civil Procedure 56.

## II. STANDARD OF REVIEW

To survive a 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir.2007) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). While the Court must accept the well-pleaded allegations of the complaint as true and

---

[1] Webb initially filed suit against fourteen named and four unnamed defendants. ECF No. 1. On September 23, 2015, the parties filed a joint motion to dismiss ten named and two unnamed defendants. ECF No. 61. The Court granted that motion. ECF No. 62. The remaining named defendants are Delaney, Walraven, Harris, and Leonard. *Id.*

construe them in the light most favorable to the plaintiff, *Robbins v. Wilkie,* 300 F.3d 1208, 1210 (10th Cir. 2002), purely conclusory allegations are not entitled to be presumed true, *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009). However, so long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the speculative level, he has met the threshold pleading standard. *See, e.g., Twombly,* 550 U.S. at 556; *Bryson v. Gonzales,* 534 F.3d 1282, 1286 (10th Cir.2008).

The Court may grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden to show that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. A fact is material "if under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The Court will examine the factual record and make reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Concrete Works of Colorado, Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994).

### III.    ANALYSIS

#### A. Eleventh Amendment Immunity

Defendants move to dismiss Webb's claims for lack of subject matter jurisdiction asserting Eleventh Amendment immunity. ECF No. 24 at 7. To the extent Webb sues

defendants for damages in their official capacity, the Eleventh Amendment "constitutes a bar to the exercise of federal subject matter jurisdiction." *Fent v. Oklahoma Water Res. Bd.*, 235 F.3d 553, 559 (10th Cir. 2000). Webb states that he is not suing defendants in their official capacity. ECF No. 37 at 10. Therefore, the Court will not dismiss Webb's claims on this basis.

### B. Eighth Amendment Claim Against Harris and Leonard

Harris and Leonard argue that they are entitled to qualified immunity, and thus, the Court should dismiss Webb's Eighth Amendment claim against them. ECF No. 24 at 19. Webb does not respond to this argument. ECF No. 37. The qualified immunity doctrine "shields government officials performing discretionary functions from liability for damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Toevs v. Reid*, 646 F.3d 752, 755 (10th Cir. 2011) (internal quotations and citations omitted). "A plaintiff who seeks damages for violation of constitutional or statutory rights may overcome the defendant official's qualified immunity only by showing that those rights were clearly established at the time of the conduct at issue." *Davis v. Scherer*, 468 U.S. 183, 197 (1984). By failing to respond to defendants' argument on this issue, Webb makes no such showing. Therefore, the Court grants Harris and Leonard qualified immunity and dismisses Webb's § 1983 claim against them. The Court need not address Harris and Leonard's remaining arguments for dismissal of this claim.

C. <u>**Deliberate Indifference Claim Against Delaney**</u>

Delaney contends that Webb fails to state a claim of deliberate indifference to his medical needs upon which relief could be granted. [2] ECF No. 24 at 17. A correctional officer's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). The test for "deliberate indifference" involves both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825 (1994). The objective component is only met where the deprivation is "sufficiently serious." *Id.* at 825. The subjective component is met if the prison official has a "sufficiently culpable state of mind." *Self v. Crum*, 439 F.3d 1227, 1230–31 (10th Cir. 2006). A prison official cannot be liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Delaney argues that the subjective component of the deliberate indifference test is not met. ECF No 24 at 17. He contends that Webb fails to plead facts indicating that Delaney was aware of Webb's injury and need for medical treatment. *Id*. I disagree. Webb alleges that Delaney, "with the *intent* to cause pain and inflict injury to [Webb], handcuffed him exceedingly tight and twisted his wrists in a manner which he *knew* would and did cause serious bodily

---

[2] The heading of Defendants' Motion to Dismiss Section IV states, "Webb fails to state an Eighth Amendment Claim against Defendants Harris, Leonard, Yarian, Sheppard, Watson, Gallegos, and Cordero." ECF No. 24 at 11. Defendants subsequently argue that Webb fails to plead facts indicating that Delaney was deliberately indifferent to Webb's serious medical needs. *Id.* at 17. Due to the discrepancy between the heading and the substance of defendants' argument, it is not completely clear whether defendants move to dismiss Webb's claim against Delaney for failure to state a claim. In either case, Webb's Complaint contains enough facts to state a claim for relief that is plausible on its face.

injury, particularly to his right arm." ECF No. 1 at ¶ 25 (emphasis added). Construing the allegations and inferences in his favor, if Delaney intentionally caused pain and knowingly caused a serious injury, it is reasonable to infer that he "knew of" and "disregarded" a risk to Webb's health and safety, and his need for medical attention, sufficient to satisfy the subjective prong of the deliberate indifference test. The Court declines to dismiss Webb's deliberate indifference claim against Delaney.

### D. State Law Claim Against All Defendants

Defendants assert that Webb's state law claim is time barred. ECF No. 24 at 20. Webb does not respond to this argument. ECF No. 37. All civil actions "against sheriffs, coroners, police officers, firefighters, national guardsmen, or any other law enforcement authority" must be commenced within one year after the cause of action accrues. C.R.S. § 13-80-103(1)(c). All defendants are correctional staff who fall within the term "law enforcement authority." ECF No. 1 at ¶¶ 2–5. The incident between Webb and Delaney occurred on June 18, 2012. ECF No. 1 at ¶ 25. The incident between Webb and Walraven, Harris, and Leonard occurred on September 18, 2012. *Id.* at ¶ 29. Webb filed his Complaint on May 23, 2014, more than one year after these incidents occurred. *Id.* Therefore, the Court dismisses Webb's state law claim and need not address defendants' argument concerning pendant jurisdiction.

### E. Failure to Exhaust

Defendants contend that the Court should rule as a matter of law that Webb failed to properly exhaust his administrative remedies, thus barring Webb's § 1983 claim. ECF No. 24 at 5. The relevant portion of the Prison Litigation Reform Act ("PLRA") states, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal

law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.A. § 1997e(a). The exhaustion requirement is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). "[A] prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).

Before dismissing a claim for failure to exhaust, district courts are "obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials." *Aquilar–Avellaveda v. Terrell,* 478 F.3d 1223, 1225 (10th Cir. 2007). "Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust." *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010). Furthermore, "both prisoners and prison officials must abide by the prison's regulations—improper rejection of a grievance appeal excuses the prisoner's failure to properly exhaust." *Burnett v. Jones*, 437 F. App'x 736, 741 (10th Cir. 2011).

Defendants argue that Webb did not exhaust his administrative remedies because his grievances were untimely. ECF No. 24 at 5. Webb does not dispute that his grievances were untimely. ECF No. 37 at Ex. 7. Instead, Webb argues that he was prevented from filing his grievances on time because prison officials did not make the grievance forms available to him. *Id.* Defendants assert that Webb had grievance forms available to him within the applicable deadlines. ECF No. 55 at 2 n.4.

Defendants point to three specific times that Webb's grievances were untimely: 1) Step 3 of grievance No. 25630, 2) Step 3 of grievance No. 25631, and 3) Step 1 of grievance No. 32031. ECF No. 55 at 4 n.4. Webb claims that he requested the forms for Step 3 of grievances Nos. 25630 and 25631 the same day that he received the responses to his Step 2 grievances. ECF No. 37 at Ex. 7. Prison officials did not give him the forms until several weeks later. *Id.* While he was waiting for the forms, the deadlines to file his Step 3 grievances passed. *See id.* Once he received the forms, he submitted his Step 3 grievances immediately. *Id.* Similarly, he requested forms for Step 1 of grievance No. 32301 seventeen days after the incident with Walraven. *Id.* Prison officials did not give him the form until eighteen days later. *Id.* Again, while he was waiting for the forms the deadline to file his Step 1 grievance passed. *Id.* Once he received the forms he submitted his grievance the very same day. *Id.*

Defendants also allege that Webb failed to properly fill out the grievance forms and failed to seek allowable relief. ECF No. 24 at 7. As a result, Webb's grievances were denied on procedural grounds. *Id.* Webb claims that prison officials improperly rejected his grievances. ECF No. 37 at 9. He points to Colorado Department of Corrections Administrative Regulation 850-04 which states, "If a grievance is procedurally deficient the offender shall be asked to cure any deficiencies and resubmit for processing. If the procedural error cannot be corrected or if the offender refuses to correct the grievance, then it shall be . . . denied on procedural grounds." ECF No. 55 at Ex. 1 § IV.C.2. Webb argues that prison officials denied his grievances on procedural grounds without ever asking him to cure any deficiencies. ECF No. 37 at 9, Ex. 1, Ex. 7.

The parties dispute facts that would excuse Webb's failure to exhaust his administrative remedies. A reasonable juror could conclude that prison officials prevented Webb from timely filing his grievances by depriving him of the forms required for filing. Additionally, a reasonable juror could find that prison officials improperly denied Webb's grievances on procedural grounds without first asking him to cure any deficiencies. Genuine disputes as to material facts make it impossible to determine whether Webb's failure to exhaust should be excused, therefore, defendants' request for summary judgment on this issue is denied.

## IV.   ORDER

Defendants' Motion to Dismiss, ECF No. 24, is GRANTED IN PART and DENIED IN PART. Plaintiff's state law claim is dismissed as it is barred by the statute of limitations. Plaintiff's Eighth Amendment claim against defendants Harris and Leonard is dismissed based on qualified immunity. Delaney's request that the Court dismiss Webb's deliberate indifference to medical needs claim is denied. Because plaintiff is not suing defendants in their official capacity, defendants' request for dismissal on Eleventh Amendment immunity grounds is denied as moot. Defendants' motion for summary judgment with respect to Webb's alleged failure to exhaust his administrative remedies is denied.

In sum, Delaney and Walraven are the remaining defendants in this case. Webb retains his Eighth Amendment excessive force claim against Delaney and Walraven. Additionally, Webb's Eighth Amendment claim that Delaney was deliberately indifferent to his serious medical needs remains.

DATED this 29th day of September, 2015.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge

13