UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01461-RBJ-CBS

ERIC WEBB,

Plaintiff,

vs.

CHRISTOPHER DELANEY,

Defendant.

---

**MOTION TO STRIKE DR. SUSAN TIONA AS AN EXPLERT WITNESS**

---

NOW COMES the Plaintiff, Eric Webb, by and through his attorney, Brice A. Tondre, and requests that Dr. Susan Tiona be barred from giving expert testimony in this case. In support hereof Plaintiff states:

**Certificate of Conference:** Counsel for the Defendant opposes this motion.

Susan Tiona, M.D., who is chief medical officer of the Colorado Department of Corrections, has been designated to testify that Plaintiff's injury was not caused by handcuffs. A summary of her testimony was prepared and served on Plaintiff's counsel. In that designation it is stated that Dr. Tiona "has not been hired or specially employed to provide testimony in this case." The designation does not disclose that Dr. Tiona's "duties as a party's employee regularly involve giving expert testimony." This being the case Dr. Tiona was required to prepare a report which complies with the requirements of Rule 26(a)(2)(B) F.R.C.P. A copy of the designation is attached hereto as Exhibit 1. As a result of conferring with counsel for the Defendant I was provided a letter signed by Dr. Tiona. A copy of the letter is attached as Exhibit 2.

The fact that Dr. Tiona's duties include regularly giving expert testimony was discovered by the undersigned during cross-examination of her on March 31, 2016, in another case. It also appears from said cross-examination that she steps outside the bounds of her expertise in giving testimony. She is a family practice physician. In this case she is designated to testify to orthopedic surgery issues and in the other case in which I was involved she testified on neurology/brain injury issues and in a third case she authored an affidavit on hepatitis.

In the case in which I cross-examined her she professed to be unable to remember how many cases she was currently working on.

The summary of Dr. Tiona's expert testimony in this case does not comply with the requirements of Rule 26(a)(2)(B) in that: (1) it does not articulate the basis and reasons for her opinions; (2) it does not describe the facts and authorities upon which she relies; (3) it does not list her prior testimony; and (4) it does not list her publications.

Dr. Tiona has been listed to testify that:

> …it is her medical opinion based upon her review of the relevant records that the injuries sustained by Mr. Webb were most likely caused by self-harming behaviors and are inconsistent with an injury from bracelet-like items (i.e. handcuffs) being applied to his person. Finally, Dr. Tiona will testify that there is no long-term need for "alternative" cuffing measures as a result of Mr. Webb's prior injuries.

Rule 702 F.R.E. requires that the witness be qualified to render an opinion on the subject and that the opinion is based on sufficient facts and data. Under Colorado statutes a physician is considered unqualified to state opinions against another physician if he or she is not substantially familiar with the standard of practice in the other physician's specialty. C.R.S. §13-64-401. The same should be applied under Rule 702 F.R.C.P.

Compartment syndrome is an orthopedic condition generally treated by orthopedic

surgeons. Dr. Tiona's specialty is family practice. She is not qualified to treat compartment syndrome which, like Mr. Webb's case, require surgery.

Dr. Tiona's opinion is said to be based on her review of the relevant records but the relevant records are not identified.

Dr. Tiona's recitation of the causes of compartment syndrome appears to be a recitation of things she has read but she does not identify the source of her recitation.

The self-harming behaviors which Dr. Tiona claims to have caused Plaintiff to suffer a compartment syndrome are not identified.

Dr. Tiona did not examine Plaintiff.

The disclosure of Dr. Tiona as an expert witness fails to show that she is qualified to render the opinion she has formed and fails to identify the specific facts upon which she relied to reach her opinions.

Dr. Tiona did not prepare and sign a report that satisfies the requirements of Rule 26(a)(2)(B) F.R.C.P.

Wherefore, Plaintiff prays that Dr. Tiona be stricken as an expert witness.

/s/ Brice A. Tondre___________
Brice A. Tondre
215 South Wadsworth Blvd., #500
Lakewood, Colorado 80226
Telephone: 303-296-3300
briceatondrepc@msn.com
ATTORNEY FOR PLAINTIFF

CERTIFICATE OF SERVICE

I hereby certify that on this the 13th day of April, 2016, I electronically filed a true and copy of the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

David DeMuro
ddemuro@vaughandemuro.com

JenniferMadsen
jmadsen@vaughandemuro.com

/s/ Brice A. Tondre